# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 26-117


KEVIN CAVELL

VERSUS

**KEVIN PATRICK JOHNSON, JR., ET AL.**



\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. C-2026-067
HONORABLE JUDI F. ABRUSLEY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## GARY J. ORTEGO

## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Jonathan W. Perry, Gary J. Ortego, and Guy E. Bradberry, Judges.


**AFFIRMED.**

**Stacy Christopher Auzenne**
**Auzenne Law Firm**
**P. O.  Box 11817**
**Alexandria, LA 71315**
**(318) 880-0087**
**COUNSEL FOR PLAINTIFF-APPELLANT:**
    **Kevin Cavell**

**Kevin Patrick Johnson, Jr.**
**In Proper Person**
**197 Joan Lane**
**Oakdale, LA 71463**
**(318) 463-0122**

**Carlo Gulina**
**Louisiana Secretary of State**
**8585 Archives Ave.**
**Baton Rouge, LA 70809**
**(225) 287-7475**
**COUNSEL FOR OTHER APPELLEE:**
    **Louisiana Secretary of State**

**Stacey C. Hurst, Allen Parish Clerk of Court**
**Allen Parish Clerk of Court**
**P. O. Box 248**
**Oberlin, LA 70655**
**(337) 639-4351**

**ORTEGO, Judge.**

The plaintiff, Kevin Cavell, appeals a judgment of the trial court dismissing his petition challenging the qualifications of Kevin Patrick Johnson, Jr. to stand for election as the Police Chief of Oakdale.

## FACTS

The plaintiff, Kevin Cavell ("Mr. Cavell"), qualified as a candidate for the position of Oakdale Chief of Police on February 11, 2026 for the May 16, 2026 primary election. The defendant, Kevin Patrick Johnson, Jr. ("Mr. Johnson"), also qualified as a candidate for Oakdale Chief of Police on the same date. When qualifying ended on February 13, 2026, Mr. Cavell and Mr. Johnson were the only candidates to qualify.

On February 20, 2026, Mr. Cavell, as a qualified elector in Oakdale, filed a petition challenging Mr. Johnson's qualification as a candidate. Mr. Cavell alleged that Mr. Johnson is the Deputy Chief of Police of Oakdale. He argued that the Deputy Chief of Police in Oakdale is a classified or civil service position, and people employed in the classified civil service may not qualify to run for elected office, citing La.Const. art. 10, § 9.[1]

The trial court held a hearing on February 24, 2026. The court found that the Deputy Chief of Police is not a civil service position and dismissed Mr. Cavell's petition. Mr. Cavell has timely perfected the instant appeal.

## ASSIGNMENT OF ERROR

Mr. Cavell asserts one assignment of error:

> The Honorable Trial Court committed legal error when she ignored the Louisiana Constitution, the Louisiana Revised Statutes, and numerous Louisiana Attorney General Opinions related to the prohibitions of Classified Civil Servants running for political office,

---

[1] Mr. Cavell also alleged violations of the Louisiana Ethics Code in his petition, but those claims were abandoned at the hearing in the trial court.

and allowed the Defendant to remain a candidate for Oakdale Police Chief, even though he is a classified civil servant.

## APPLICABLE LAW

Courts must liberally interpret the laws governing the conduct of elections so as to promote candidacy rather than defeat it. *Russell v. Goldsby*, 00-2595 (La. 9/22/00), 780 So.2d 1048. Mr. Cavell's petition objecting to Mr. Johnson's candidacy is based on La.R.S. 18:492(A)(4), in that he claims that Mr. Johnson is prohibited by law from becoming a candidate for the office for which he qualified. The plaintiff bears the burden of presenting sufficient evidence to show the existence of a contested fact. If the plaintiff establishes a prima facie case, the burden shifts to the defendant to present evidence to rebut the plaintiff's case. *Landiak v. Richmond*, 05-758 (La. 3/30/05), 899 So.2d 535. "When the trial court's decision is based on an erroneous application of law rather than on a valid exercise of discretion, the decision is not entitled to deference by the reviewing court." *Ramirez v. Watkins*, 23-411, p. 3 (La.App. 5 Cir. 8/23/23), 369 So.3d 505, 509.

Louisiana Constitution Article 10, § 9(A) states:

> No member of a civil service commission and **no officer or employee in the classified service shall** participate or engage in political activity; **be a candidate for nomination or election to public office** except to seek election as the classified state employee serving on the State Civil Service Commission; or be a member of any national, state, or local committee of a political party or faction; make or solicit contributions for any political party, faction, or candidate; or take active part in the management of the affairs of a political party, faction, candidate, or any political campaign, except to exercise his right as a citizen to express his opinion privately, to serve as a commissioner or official watcher at the polls, and to cast his vote as he desires.

The civil service provisions of small municipalities with a population between 7,000 and 13,000 as of the last decennial census are governed by La.R.S.

33:2531, et seq.[2] "Classified service" is defined at La.R.S. 33.2533(7), which states:

> "Classified service" means every appointive office and position of trust or employment in the municipal government, parish government, or fire protection district government which has as its primary duty one of the functions specifically set forth to be included in the classified service by the provisions of this Part; and excludes all elective and appointive offices and positions of trust or employment which have a primary duty specifically set forth to be included in the unclassified service by the provisions of this Part.

Louisiana Revised Statutes 33:2541(A) sets forth the offices and positions which fall within the classified service and includes those which have as their "primary duty and responsibility one of the following: (1) The chief and assistant chiefs; the intradepartmental division, bureau, squad, platoon and company officers of the fire and police department[; and] (2) Fire fighting and police."

The position of Deputy Chief of Police for the City of Oakdale was created by La.R.S. 33:2541.1:

> A. Notwithstanding any other provision of law to the contrary, the governing authority may create, by ordinance, the position of deputy chief of police in accordance with the provisions of this Section. The position shall be filled on a competitive basis from a list of eligibles as provided for in R.S. 33:2551(4), and the right of selection, appointment, supervision, and discharge for such position shall be vested in the chief of police, subject to approval of the appointing authority. In addition, the governing authority shall establish the duties and responsibilities of the deputy chief of police in the ordinance creating the position. Such duties and responsibilities may include direct supervision over all positions in the classified service below the rank of chief of police. The position of deputy chief of police is not the same as the position of assistant chief of police which is in the classified police service pursuant to this Part.
>
> B. (1)(a) The deputy chief of police shall have not less than eight years of full-time law enforcement experience and shall at least

---

[2] While the City of Oakdale had a population of less than 7,000 as of the 2020 census, its population as of 2000 was over 7,000. As it had established a civil service system prior to July 1, 2006, the provisions of Part III, Chapter 5, Title 33 of the Louisiana Revised Statutes continue to be applicable to Oakdale. La.R.S. 33:2531.1.

hold the rank of sergeant in the classified police service at the time of his appointment.

(b) Notwithstanding the provisions of Subparagraph (a) of this Paragraph, in the city of Jennings, the qualifications for the position of deputy chief of police shall be not less than five years of full-time law enforcement experience.

(c) Notwithstanding the provisions of Subparagraph (a) of this Paragraph, in the city of St. Martinville, the qualifications for the position of deputy chief of police shall be not less than five years of full-time law enforcement experience.

(d) Notwithstanding the provisions of Subparagraph (a) of this Paragraph, in the city of Oakdale, the deputy chief of police shall have not less than three years of full-time law enforcement experience and shall have successfully completed a certified training program approved by the Council on Peace Officer Standards and Training.

(2) Any person who holds the position of deputy chief of police may, while holding such position, apply for admission to the promotional examination for the class next higher than that from which he was appointed as deputy chief of police. However, the name and score of any deputy chief of police shall not be certified to the appointing authority by the civil service board as eligible for appointment to a position of the promotional class, and his name and score shall be eligible for certification, in accordance with the maximum period for which a name may remain on the eligibility list in accordance with the provisions of this Part, only upon demotion to a position of the class from which he was appointed as deputy chief of police.

(3) Eligibility for admission to the competitive test for deputy chief of police shall be limited to members of the same department as the chief of police at the time of appointment.

C. (1)(a) Any person who is appointed from a position in the classified police service to serve as deputy chief of police shall not forfeit his departmental or promotional seniority accumulated to the date of his appointment, and he shall continue to accumulate departmental or promotional seniority in accordance with the provisions of this Part during the time he holds the position of deputy chief of police.

(b)(i) The deputy chief of police shall serve indefinitely in the classified competitive position and shall be evaluated three years from the date of his initial appointment by the chief of police. Thereafter, the deputy chief of police shall be evaluated every year by the chief of

police. After each and every evaluation by the chief of police, the chief may reconfirm the deputy chief for another one-year period or may, at his discretion, demote the deputy chief to his former class of position. The demotion described in this Item shall not constitute corrective or disciplinary action, and the classified employee shall not have appeal rights in regards to such action.

(ii) Notwithstanding the provisions of Item (i) of this Subparagraph, in the city of Oakdale, the deputy chief of police shall serve indefinitely in the classified competitive position and shall be evaluated every year by the chief of police. After each evaluation by the chief of police, the chief may reconfirm the deputy chief for another one-year period, or may, at his discretion, demote the deputy chief to his former class of positions.

(2) If any such person is demoted as the result of such evaluation, or otherwise vacates the position on the approval of the chief of police, he shall be demoted to a position in the class he held immediately preceding his appointment as deputy chief of police. If a deputy chief of police is subjected to corrective or disciplinary action, he shall have the same rights as any other employee in the municipal fire and police civil service.

## DISCUSSION

Mr. Johnson testified at the hearing below that he is currently employed as the Deputy Chief of Police for the Oakdale Police Department. Mr. Cavell introduced a copy of the statute creating the position of Deputy Chief to argue that the position is clearly in the classified service, indicating that it is a "classified competitive position." Mr. Johnson testified that the local civil service board indicated Deputy Chief was not a classified position. The current interim Oakdale Chief of Police, Webster Chamberlain, testified that he understood the purpose of creating the Deputy Chief position was to remove it from the requirements of the civil service system so that the previous chief could appoint someone to the position.

The question presented to this court is whether the Deputy Chief for the Oakdale Police Department is "an officer or employee in the classified service"

such that La.Const. art. 10, § 9 prohibits Mr. Johnson from qualifying as a candidate for election to public office, in this case Police Chief of Oakdale. The trial court found that Mr. Cavell failed to prove that the Deputy Chief position was in the classified service. Thus, the trial court's finding that the Deputy Chief position was not a classified service position was a factual determination.

After review of the entire record, and given the testimony of Mr. Johnson and Police Chief Chamberlain, along with the other evidence submitted at the hearing, we find the record supports the trial court's finding that Mr. Cavell failed to prove that the Deputy Chief position was a classified civil servant. We further note that the term "classified competitive position" is not defined in the text of the legislation which originally created the position of Deputy Chief (2010 La. Acts No. 748, § 1) or the legislation which created the position of Deputy Chief for Oakdale (2021 La. Acts No. 274, § 1). Therefore, we affirm the trial court's judgment of February 24, 2026, in its entirety.

## DECREE

The judgment of the trial court is affirmed, and Kevin Patrick Johnson, Jr.'s name shall appear on the ballot for the May 16, 2026 primary election for Oakdale Police Chief. Costs of this appeal are assessed to Patrick Cavell.

**AFFIRMED.**